UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH BELCHER,

                Plaintiff,                Case No. 1:09-cv-173

v.                                                Honorable Robert J. Jonker

OTTAWA COUNTY ADULT
CORRECTIONAL FACILITY et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, P̲UB̲. L̲. N̲O̲. 104-134, 110 S̲TAT̲. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Ottawa County Adult Correctional Facility. The Court will serve the complaint against Defendants (Unknown) Sherman, (Unknown) Munley, (Unknown) Colvin and (Unknown) Barr.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Ottawa County Adult Correctional Facility. In his *pro se* complaint, Plaintiff sues the Ottawa County Adult Correctional Facility; Sergeants (Unknown) Sherman, (Unknown) Munley and (Unknown) Colvin; and Jail Administrator (Unknown) Barr.

On November 23, 2008, Plaintiff received a misconduct ticket for having extra food on his tray. Because of the misconduct ticket, Plaintiff lost his job in the kitchen and twelve days of "swap time and good time." (Compl. at 2, docket #1.) Sergeant Munley informed Plaintiff that he would be eligible for another position at the discretion of the jail staff. (*Id.* at 3.) Plaintiff, however, alleges that a staff member told another inmate that they would not give any "afro-americans a second chance at any detail jobs." (*Id.* at 3.) Rather, white and latino inmates would receive a second chance. Plaintiff lists two inmates, Ray Gonzales and Arron Flaggin, who have received another job after being found guilty of a major misconduct. Plaintiff claims that Arron Flaggin is Caucasian. Plaintiff, however, does not specify the race of Ray Gonzales or himself. For relief, Plaintiff requests "racially equal jobs" and monetary damages. (*Id.* at 4.)

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations repecting all the material elements

to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues the Ottawa County Adult Correctional Facility, a county jail. The Ottawa County Adult Correctional Facility is a building, not an entity capable of being sued in its own right. *Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (1970)). Accordingly, the Court will dismiss the Ottawa County Adult Correctional Facility.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Ottawa County Adult Correctional Facility will be dismissed for

failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants (Unknown) Sherman, (Unknown) Munley, (Unknown) Colvin and (Unknown) Barr.

An Order consistent with this Opinion will be entered.


Dated:  April 28, 2009            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE